IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Molly Pfalzgraf<br>1431 Boulevard Drive<br>Belpre, Ohio 45714 | : <br> : <br> : | Case No. 2:22-cv-4565 |
| Plaintiff, | : | District Judge _____ |
| v. | : | |
| CVS Health Corporation<br>One CVS Drive<br>Woonsocket, Rhode Island 02895 | : <br> : <br> : | Magistrate Judge _____ |
| and | : | |
| CVS Health Corporation Benefits Plan Committee<br>One CVS Drive<br>Woonsocket, Rhode Island 02895 | : <br> : <br> : | |
| and | : | |
| CVS Pharmacy, Inc.<br>One CVS Drive<br>Woonsocket, Rhode Island 02895 | : <br> : <br> : | |
| and | : | |
| CVS Health Future Fund 401(k) Plan<br>One CVS Drive<br>Woonsocket, Rhode Island 02895 | : <br> : <br> : | |
| and | : | |
| CVS Health Corp. Employee Stock Purchase Plan<br>One CVS Drive<br>Woonsocket, Rhode Island 02895 | : <br> : <br> : | |
| and | : | |
| CVS Health Corp. Employee Retirement Benefit Plan<br>One CVS Drive<br>Woonsocket, Rhode Island 02895 | : <br> : <br> : | |
| Defendants. | | |

**COMPLAINT**

For her Complaint against the Defendants, Molly Pfalzgraf, states as follows:

**Parties**

1. The late Bruce Pfalzgraf, a resident of Belpre, Ohio, in Washington County, was a pharmacist employed by CVS Health Corporation, or its subsidiary or affiliate, CVS Pharmacy Inc.

2. Mr. Pfalzgraf was a participant in employee welfare benefit plans established and/or maintained by his employer under the Employee Retirement Income Security Act ("ERISA").

3. Plaintiff Molly Pfalzgraf is Bruce Pfalzgraf's widow and the designated beneficiary of all his employer-sponsored benefits.

4. CVS Health Corporation, ( "CVS Health"), is a Delaware corporation that operates a national network of retail drug stores.

5. CVS Health, by virtue of its maintenance and control of the plans at issue, is an ERISA fiduciary of each plan involved in this case.

6. CVS Health's Benefits Plan Committee, ("the benefits committee"), decides questions concerning employee eligibility for benefits under the Plans involved in this case, and is therefore a fiduciary of these Plans.

7. CVS Pharmacy, Inc., is a subsidiary or affiliate of CVS Health, and by virtue of its maintenance and control of the Plans at issue in this case, is an ERISA fiduciary of these Plans.

8. CVS Health sponsored the CVS Health Future Fund 401(k) Plan, ("the 401(k) Plan"), an employee savings plan in which Mr. Pfalzgraf participated.

9. CVS Health sponsored its Employee Stock Purchase Plan in which Mr. Pfalzgraf participated, allowing him to purchase CVS Health common stock, including shares he owned in CVS Health's group E*Trade accounts ST170781 and ST015740.

10. CVS Health, and/or its affiliated entities, may have sponsored and/or maintained an employee retirement plan in which Mr. Pfalzgraf was, or should have been, a vested participant.

## Jurisdiction and Venue

11. Plaintiff's claims arise under The Employee Retirement Income Security Act of 1974 ("ERISA").

12. Jurisdiction is based on 29 U.S.C. § 1132.

13. Each Plan involved in this case is administered, in part, in Washington County, Ohio.

14. Venue is appropriate in the Eastern Division of the Southern District of Ohio.

## Facts Common to All Claims

15. From November 2, 1986 to July 12, 2013, Bruce Pfalzgraf, an Ohio resident, was an employee of Stouts Pharmacy Inc., a West Virginia corporation.

16. While he was employed by Stouts Pharmacy, Bruce Pfalzgraf and Molly Pfalzgraf purchased the drug store at 3007 Dudley Avenue, Parkersburg, West Virginia.

17. Upon purchasing the store, Mr. Pfalzgraf continued to work at this store.

18. On or about July 12, 2013, Bruce Pfalzgraf and Molly Pfalzgraf sold their Stouts Pharmacy drugstore to West Virginia CVS, L.L.C., a subsidiary of CVS Health, CVS Pharmacy, Inc., or a related entity.

19. Per Schedule D of the sale agreement, Mr. Pfalzgraf became an employee of "CVS Pharmacy Inc., its subsidiaries and/or affiliates" following the closing of the sale.

20. CVS Pharmacy Inc., and its subsidiaries or affiliates, ("CVS"), agreed in the contract that for purposes of affording Bruce Pfalzgraf benefits, his date of hire was "November 2, 1986."

21. As an employee of CVS, Mr. Pfalzgraf became a participant in the CVS Health Future Fund 401(k) Plan.

22. As an employee of CVS, Mr. Pfalzgraf became a participant in the CVS Health Employee Stock Purchase Plan.

23. As an employee of CVS, Mr. Pfalzgraf may also have become a participant in a CVS Employee Retirement Plan, due to his hire date of November 2, 1986.

24. Mr. Pfalzgraf remained a full-time employee of CVS Pharmacy, Inc., or a related entity of CVS, until he passed away in January 2021.

25. Upon his death, Molly Pfalzgraf called CVS's human resources department and notified CVS and its related entities, that Mr. Pfalzgraf had died, and that as his beneficiary, she needed to apply for his employee benefits, including his retirement benefits, 401(k) savings benefits, and employee stock benefits.

26. CVS staff referred Molly Pfalzgraf's call to various corporate departments.

27. Mrs. Pfalzgraf informed CVS's corporate representatives repeatedly that she was calling in order to apply for the benefits resulting from her late husband's employment with CVS.

28. Upon notifying CVS of Mr. Pfalzgraf's death and her intention to seek his benefits, Mrs. Pfalzgraf was immediately locked out of Mr. Pfalzgraf's employer-sponsored stock investment account, preventing her from learning what his stock benefits were, and applying for them.

29. CVS Health, CVS Pharmacy Inc., and CVS Health's Benefits Plan Committee, the fiduciary defendants, failed to provide Mrs. Pfalzgraf with the benefit application and necessary information that would have allowed her to apply for Mr. Pfalzgraf's employee benefits.

30. On or about September 30, 2021, Mrs. Pfalzgraf's counsel wrote to CVS Pharmacy Inc.'s Plan Administrator, including a copy of Mr. Pfalzgraf's death certificate with the letter, to obtain the proper application forms and information to initiate Mrs. Pfalzgraf's benefit claims.

31. Counsel requested the Summary Plan Description ("SPD") related to the employee benefits to which Mrs. Pfalzgraf was eligible and/or entitled, including Mr. Pfalzgraf's pension, retirement plan, stock options, employee stock, and health-care related benefits.

32. On November 10, 2021, Mrs. Pfalzgraf's counsel received an e-mail from Diane MacDonald of CVS Health's Survivor Support Administration stating that "[w]e received notification of [Bruce Pfalzgraf's] death in January and finished the case in March. We mailed our final condolences letter to Molly Pfalzgraf in March."

33. No substantive information was included in the message about how counsel for Molly Pfalzgraf could apply for the employer-sponsored benefits that are the subject of this case.

34. In May 2022, counsel for Mrs. Pfalzgraf called CVS Health, and wrote letters to CVS Health requesting the forms needed to apply for these benefits, with copies of the relevant ERISA Plan documents.

35. On August 25, 2022, Roberta Johnnene of the CVS Health's Retirement Department e-mailed Plaintiff's counsel a message acknowledging CVS Health's receipt of Plaintiff's counsel's written request for information.

36. Ms. Johnnene's message stated that her team would respond to Plaintiff's counsel as soon as possible with their findings.

37. No further response, substantive plan information, or findings of this team have ever been received by counsel for Mrs. Pfalzgraf.

38. CVS Health knew that Mr. Pfalzgraf had died, and that his widow, Molly Pfalzgraf, sought to apply for his benefits; but CVS Health has failed to provide any documents requested by Mrs. Pfalzgraf's counsel in response to counsel's requests.

39. As of the filing of this Complaint, none of the requested applications or copies of plan documents have been received by counsel for Mrs. Pfalzgraf.

40. As of the filing of this complaint, Mrs. Pfalzgraf has not received any of the benefits that are the subject of this lawsuit.

41.     Due to the Defendants' refusal to assist Mrs. Pfalzgraf to open the necessary claims, she has experienced harm, including financial loss, due to the unlawful denial of benefits which her late husband earned, and which he designated her to receive upon his death.

42.     The Defendants' conduct of ignoring Mrs. Pfalzgraf's requests for information also harmed her by causing her stress and upset, the loss of a great deal of time seeking unsuccessfully to obtain benefits that were rightfully hers, and by having to incur the expense of legal counsel to assist her to seek these benefits.

### Count I: Breach of Fiduciary Duty
### Molly Pfalzgraf v. CVS Health Corporation, CVS Pharmacy, Inc., and CVS Health Corporation's Benefits Plan Committee

43.     The allegations above are incorporated by reference as if fully rewritten here.

44.     Plaintiff brings this claim under 29 U.S.C. § 1132(a)(3) and seeks appropriate equitable relief.

45.     Upon information and belief, by virtue of their control over the claims process, including their authority to open claims, determine eligibility for benefits, approve or deny claims, and pay out plan assets through the Plans involved in this case, CVS Health Corporation, CVS Pharmacy, Inc., and/or CVS Health Corporation's Benefits Plan Committee, are fiduciaries of the CVS Health Future Fund 401(k) Plan, the CVS Health Employee Stock Purchase Plan, and the CVS Health Employee Retirement Benefit Plan, (collectively, "the fiduciary defendants").

46.     Upon information and belief, all of the above-named fiduciary defendants were directly involved in controlling the administration of the benefit application process, including providing the forms to applicants for the purpose of applying for the CVS Health 401(k) Plan benefits, Employee Stock Purchase Plan benefits, and Employee Retirement Plan benefits.

6

47. Upon information and belief, the fiduciary Defendants knew that Mrs. Pfalzgraf needed to file various claims, but they knowingly refused to help her to do so, failing to provide her with any information needed to intiate and pursue the claims process.

48. Each of the fiduciary Defendants owed Mrs. Pfalzgraf the obligation to disclose plan information to her, as she was a plan beneficiary, and this is a required fiduciary duty in certain circumstances, such as the death of the plan participant. Employee Retirement Income Security Act of 1974, §§ 3, 404, 29 U.S.C.A. §§ 1002(21)(A), 1104(a)(1).

49. None of the fiduciary Defendants, nor any related entities, ever paid Mrs. Pfalzgraf any of Mr. Pfalzgraf's employee retirement plan benefits, 401(k) saving plan benefits, or the value of the stock shares that he had purchased, all of which were presumably due upon his death to his rightful legal beneficiary.

50. The fiduciary Defendants prevented Molly Pfalzgraf from even applying for these benefits by withholding from her all the necessary information to do so.

51. Nor have the fiduciary Defendants provided counsel for Molly Pfalzgraf with the necessary information to allow counsel for Mrs. Pfalzgraf to apply for the benefits she seeks.

52. By failing to assist Mrs. Pfalzgraf and her counsel to identify and apply for the benefits to which she is entitled, and by refusing to communicate meaningfully with Mrs. Pfalzgraf or her counsel concerning her claims in this case, all the fiduciary Defendants have breached their fiduciary obligations to administer the Plans involved in this case solely in the interest of Plan participants and their beneficiaries; *i.e.,* solely for the purpose of providing benefits to Bruce Pfalzgraf, and his widow and legal beneficiary, Molly Pfalzgraf.

53. Mrs. Pfalzgraf has been financially and emotionally harmed by the Defendants' breaches of their fiduciary duties throughout the time she has been grieving the loss of her husband.

54. Because they refused to communicate meaningfully with Mrs. Pfalzgraf or her counsel about these claims, and failed to pay her the benefits due, all of the fiduciary Defendants have breached their obligations to administer the CVS Plans with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character.

55. Because they failed to pay Mrs. Pfalzgraf the benefits due, failed to assist her to apply for these benefits, and failed to communicate with her and her counsel meaningfully about her claims, all the fiduciary Defendants have breached their obligations to provide necessary information to Mrs. Pfalzgraf and to administer the Plans in accord with the documents and instruments governing the Plan.

56. As a direct and proximate result of the fiduciary Defendants' breaches of their fiduciary duties to her, Mrs. Pfalzgraf has been and continues to be harmed by being deprived of valuable benefits which she is entitled to receive.

### COUNT II: ERISA Penalties for Failure to Produce Plan Documents
### Molly Pfalzgraf v. CVS Health Corporation, CVS Pharmacy Inc., and CVS Health Corporation's Benefit Plan Committee

57. The above allegations are incorporated by reference as if fully rewritten here.

58. Upon information and belief, CVS Health Corporation and CVS Pharmacy, Inc., and CVS Health Corporation's Benefits Plan Committee are the plan administrators of the plans involved in this case, each of whom failed to provide documents requested by Plaintiff's counsel.

59. By failing to timely provide Mrs. Pfalzgraf's counsel with the documents counsel requested in writing, CVS Health, CVS Pharmacy Inc., and CVS Health's Benefits Plan Committee, violated ERISA's document production requirement, entitling Molly Pfalzgraf to receive ERISA document production penalty payments until each of the documents are provided to her counsel.

60. Mrs. Pfalzgraf seeks penalties of $110.00 per day for each SPD and other Plan document that her counsel requested from the fiduciary Defendants, beginning on the thirty-first day after each written document request was received, and continuing until the documents are received by Plaintiff's counsel.

### COUNT III: For 401(k) Plan Benefits
### Molly Pfalzgraf v. CVS Health Future Fund 401(k) Plan

61. The above allegations are incorporated by reference as if fully rewritten here.

62. Mrs. Pfalzgraf brings this claim under 29 U.S.C. § 1132(a)(1)(B), seeking a determination regarding her right to the late Bruce Pfalzgraf's benefits under the terms of the CVS Health Future Fund 401(k) Plan, and an award of those benefits.

63. Upon information and belief, Mrs. Pfalzgraf is entitled to these benefits as the designated beneficiary of Bruce Pfalzgraf under the terms of CVS Health's 401(k) Plan.

64. The 401(k) Plan wrongfully denied Molly Pfalzgraf's claim and deprived her of benefits to which she is entitled by refusing to provide her with the application form and necessary information to allow her to initiate and pursue this claim.

65. Mrs. Pfalzgraf and her counsel have diligently tried to apply for, and obtain, Mr. Pfalzgraf's 401(k) Plan benefits that are due to Mrs. Pfalzgraf from CVS Health and/or its affiliates.

66. CVS Health, CVS Pharmacy Inc., and/or CVS Health's Benefits Plan Committee, have blocked Mrs. Pfalzgraf and her counsel from pursuing her 401(k) benefit claim by preventing Plaintiff and her counsel from obtaining the forms and information needed to pursue this claim, along with copies of the 401(k) benefit plan documents, to determine Mrs. Pfalzgraf's rights.

67. Exhaustion of administrative remedies in seeking these benefits is therefore excused.

**Count IV – For Employee Stock Purchase Plan Benefits**
**Molly Pfalzgraf v. CVS Health Corporation Employee Stock Purchase Plan**

68. The above allegations are incorporated by reference as if fully rewritten here.

69. Mrs. Pfalzgraf brings this claim under 29 U.S.C. § 1132(a)(1)(B), seeking a determination regarding her right to Bruce Pfalzgraf's benefits under the terms of the CVS Health Employee Stock Purchase Plan and an award of those benefits.

70. Upon information and belief, Mrs. Pfalzgraf is entitled to these benefits as the designated beneficiary of Bruce Pfalzgraf under the terms of the Employee Stock Purchase Plan.

71. The CVS Health Corporation Employee Stock Purchase Plan wrongfully denied Molly Pfalzgraf's claim and deprived her of these benefits by refusing to provide her with the application form and the information needed to pursue this claim.

72. Mrs. Pfalzgraf and her counsel have diligently tried to apply for, and obtain, Mr. Pfalzgraf's employee stock purchase plan benefits that are due to Mrs. Pfalzgraf from CVS Health and/or its affiliates.

73. CVS Health, CVS Pharmacy Inc., and/or CVS Health's Benefits Plan Committee, have blocked Mrs. Pfalzgraf and her counsel from pursuing her employee stock purchase plan benefit claim by preventing Plaintiff and her counsel from obtaining the forms and information needed to pursue this claim, along with copies of the employee stock purchase plan documents to determine Mrs. Pfalzgraf's rights.

74. Exhaustion of administrative remedies in seeking these benefits is therefore excused.

**Count V – For Employee Retirement Plan Benefits**
**Molly Pfalzgraf v. CVS Health Employee Retirement Benefit Plan**

75. The above allegations are incorporated by reference as if fully rewritten here.

76. Mrs. Pfalzgraf brings this claim under 29 U.S.C. § 1132(a)(1)(B), seeking a determination regarding her right to receive Mr. Pfalzgraf's employee retirement benefits, and an

award of these benefits, under an employee retirement benefit plan administered or maintained by CVS Health, CVS Pharmacy Inc., CVS Health Corporation's Employee Benefit Plan Committee, and/or their affiliates, predecessors, or successors, in which Mr. Pfalzgraf was, or should have been, enrolled, and vested, as a participant.

77. Upon information and belief, Mr. Pfalzgraf was eligible and entitled to become a participant in CVS Health's employee retirement benefit plan upon the sale of Stouts Pharmacy, Inc. drugstore to CVS in 2013, based on Mr. Pfalzgraf's many years of employment with Stouts Pharmacy Inc., which he retained under the sale agreement.

78. Mr. and Mrs. Pfalzgraf believed that CVS retirement plan benefits would be included in Mr. Pfalzgraf's compensation package upon the sale of their store to CVS, based on the inclusion of language in the sale contract under "Schedule D, Transitional Management Agreement," which was an inducement for Mr. and Mrs. Pfalzgraf to sell their store to CVS.

79. Under this term in the sale contract, Mr. Pfalzgraf would retain his many years of employment seniority with Stouts Pharmacy, Inc. as an employee of CVS, and would therefore have an immediate, vested right to participate in CVS's employee retirement benefits plan.

80. CVS agreed in the Schedule D Transitional Management Agreement, a part of the sale agreement, that for the purpose of affording Bruce Pfalzgraf benefits, "his date of hire shall be November 2, 1986."

81. Upon information and belief, as his designated beneficiary, Mrs. Pfalzgraf is entitled to any CVS employee retirement benefits that Mr. Pfalzgraf earned per the terms of a CVS employee retirement benefit plan in which he was, or should have been, a vested participant.

82. Upon information and belief, the Plan administrators of the CVS retirement plan are the fiduciary Defendants, who have wrongfully denied Mrs. Pfalzgraf's employee retirement benefit claim and deprived her of these benefits by refusing to provide her with the application form and

information needed to apply for the benefits, along with copies of the retirement benefits Plan documents and information about Mr. Pfalzgraf's rights to receive employee retirement benefits.

83. Mrs. Pfalzgraf and her counsel have diligently tried to apply for, and obtain, Mr. Pfalzgraf's employee retirement benefits that are due to Mrs. Pfalzgraf from CVS Health and/or its affiliates.

84. CVS Health, CVS Pharmacy Inc., and/or CVS Health's Benefits Plan Committee, have blocked Mrs. Pfalzgraf and her counsel from pursuing her employee retirement benefits claim by preventing Plaintiff from obtaining the forms and information needed to pursue this claim, and by failing to provide Plaintiff's counsel with copies of the CVS Health Employee Retirement Benefit Plan documents to determine Mrs. Pfalzgraf's rights under the Plan.

85. Exhaustion of administrative remedies in seeking these benefits is therefore excused.

WHEREFORE, the Plaintiff Molly Pfalzgraf demands judgment in her favor and against the Defendants, for the following relief:

a. A determination that as the legal beneficiary of the late Bruce Pfalzgraf's employer-sponsored benefits which are the subject of this lawsuit, Molly Pfalzgraf is entitled to receive an award of all the benefits to which Mr. Pfalzgraf was entitled under the Plans involved in this case;

b. An award of all Mr. Pfalzgraf's employee benefits due from the Defendants to Mrs. Pfalzgraf;

c. An order directing CVS Health, CVS Pharmacy Inc., their subsidiaries and affiliates, CVS Health's Benefits Plan Committee, CVS Health's 401(k) Plan, and Employee Stock Purchase Plan, and CVS Health Corporation's Employee Retirement Plan to promptly (a) open Mrs. Pfalzgraf's claims and pay all benefits due to her; (b) provide Plaintiff's undersigned counsel with all plan documents that counsel requested; and (c) communicate as often as reasonably necessary with Plaintiff's counsel to resolve all the issues in this case;

    d.    A determination against the fiduciary Defendants, CVS Health, CVS Pharmacy, Inc., and the CVS Health Benefit Plan Committee, that they breached their fiduciary duties by failing to provide the necessary documents and information to Mrs. Pfalzgraf upon her requests, and failed to provide same upon the written requests of Plaintiff's counsel, to allow the Plaintiff to file claims for each of the employee benefits she seeks, and/or to which she is entitled;

    e.    An award of penalties of $110/day against CVS Health, CVS Pharmacy Inc., and/or CVS Health's Benefits Plan Committee, as the Plan Administrators of each Plan involved in this case, for each and every incidence of each Plan's failure to timely provide Mrs. Pfalzgraf's counsel with copies of the appropriate Plan documents, upon her counsel's written requests, beginning thirty-one days after each document was requested in writing and continuing until said documents are received;

    f.    Pre-judgment interest and post-judgment interest;

    g.    Attorney's fees and the costs of this action; and

    h.    Such further relief as the Court determines to be equitable and just.

Respectfully submitted,

/s/ *Lesley H. Kuhl*
Lesley H. Kuhl  (0067177)
Trial Attorney
Tony C. Merry  (0042471)
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio  43085
Phone (614) 372-7114
Fax (614) 505-6109
Email: lkuhl@tmerrylaw.com
*Attorneys for the Plaintiff Molly Pfalzgraf*